not deem those provisions to have any application to the question here. The question is whether the sentence now is one of imprisonment for life. Whether petitioners, by good conduct, may hereafter shorten the term of imprisonment would seem to be entirely immaterial.

It follows from the foregoing that the action of the lower court in refusing bail to the petitioners was correct, and that the writ of habeas corpus should be discharged, and the petitioners remanded to custody, and it is so ordered.

HANNA, C. J., and ROBERTS, J., concur.

---

[No. 2128, May 28, 1918.]
[Rehearing Denied Aug. 19, 1918.]
STOCKMEN'S GUARANTY LOAN CO. v. COOPER.

### SYLLABUS BY THE COURT.

Where a party is sued on promissory notes and files an answer and counterclaim, setting up certain agreements alleged to have been made by the payee of the note at the time of the making of the same, which agreements were conditioned upon the payor of the note doing certain things, and the evidence shows that the payor of the note failed and refused to perform he is not entitled to recover under the counterclaim.

Appeal from District Court, Bernalillo County; Raynolds, Judge.

Action by the Stockmen's Guaranty Loan Company against C. C. Cooper, with counterclaim by defendant. Demurrer to defendant's evidence sustained, and plaintiff's motion for judgment granted, and defendant appeals. Affirmed.

M. C. SPICER, of Socorro, for appellant.

BURKHART & COORS, of Albuquerque, for appellee.

STATEMENT OF FACTS.

This cause was filed in the district court of Bernalillo county by the Stockmen's Guaranty Loan Company, plaintiff, against C. C. Cooper, defendant, to recover judgment on two promissory notes in the principal sums of $2,885 and $250 respectively, alleged to have been executed and delivered by defendant Cooper to the said plaintiff, Stockmen's Company. The defendant, Cooper, filed an answer and counterclaim. The answer admitted the material allegations of plaintiff's complaint, and then set up an affirmative defense of failure of consideration and breach of contract. The same allegations contained in the answer were repeated in the counterclaim, and are briefly as follows: That on March 22, 1916, there was pending in the district court of Socorro county two suits brought by said Cooper against the Stockmen's Guaranty Loan Company and others, to cancel certain notes previously given by said Cooper to the said company for corporate stock, on the ground that said notes had been secured by misrepresentation. That on said 22d of March the Stockmen's Company and Cooper made an oral agreement by which Cooper agreed to execute and deliver to plaintiff Stockmen's Company his note for $2,885, which is the note sued on herein, and agreed to execute a written contract of settlement of the two suits in Socorro county; and that Stockmen's Company agreed to make defendant a loan of $16,000 within 60 days for a period of 3 years upon 300 head of cattle and 2,000 acres of real estate, and from the proceeds of which loan defendant was to pay the said note of $2,885; and that pursuant to such oral agreement the defendant, Cooper, executed the said $2,885 note, and executed a written contract, marked ''Exhibit A,'' and attached to his answer. That thereafter Cooper offered plaintiff 300 head of cattle and 2,000 acres of land as security for the loan of $16,000, and performed all the terms of the oral contract; and that the Stockmen's Company failed and refused to make the loan or any part thereof except $250, which last sum is evidenced by the other note sued

on herein. That the said oral agerement was the inducing cause for the execution of the promissory note of $2,885 and the execution of the written contract, "Exhibit A," and constituted the consideration therefor.

The answer and counterclaim also alleged that Cooper was damaged in various ways by the failure to secure the loan. The defendant, Cooper, asked for the cancellation of the notes sued upon by plaintiff, and also asked for several thousand dollars' damages on his counterclaim.

Plaintiff filed a reply to defendant's answer and an answer to the defendant's counterclaim, in which plaintiff, Stockmen's Company, denied the oral contract alleged by the defendant, and denied all material allegations alleged in defendant's answer and counterclaim, and specifically alleged that the note for $2,885 was executed and delivered by Cooper in compliance with the terms of the written contract attached to defendant's answer marked "Exhibit A," and that the said written contract constituted the entire and complete contract of the plaintiff and the defendant.

A jury was waived and the case came on for trial before the court on the 9th day of April, 1917. The allegations of plaintiff's complaint being admitted by defendant's pleadings and by the statement of defendant's counsel made at the opening of the case, plaintiff limited its evidence to the introduction of the original notes sued on and then rested. Defendant then introduced his evidence to support his affirmative defense and counterclaim, at the close of which plaintiff demurred to defendant's evidence, and moved for judgment on two grounds, to-wit: First, that all of the evidence adduced by the defendant, whether admissible or inadmissible, did not prove the material allegations of his answer or counterclaim or constitute any defense to plaintiff's action or any cause of action against plaintiff; and, second, that the evidence introduced by defendant over plaintiff's objection and admitted temporarily by court, tended to vary, add to, subtract from,

and change the written contract between plaintiff and defendant and therefore was inadmissible and should be stricken and without which there was no evidence left in the case.

The court sustained plaintiff's demurrer and motion upon both of said grounds and granted judgment for plaintiff for the amount of the two notes sued upon. From such judgment this appeal was taken by the defendant, Cooper.

## OPINION OF THE COURT.

ROBERTS, J. (after stating the facts as above). Appellant argues that the court erred in sustaining the demurrer to the evidence offered by him to prove the alleged oral agreement between plaintiff and defendant, because said evidence was admissible and did not add to, contradict, change, or vary the terms of the written contract executed between said parties contemporaneously with the making of said oral agreement. This question need not be determined, however, because the judgment is sustainable regardless of whether the court was right or wrong in sustaining the demurrer. The court held that the appellant, assuming that the evidence was admissible, had not proved the material allegations of his answer or counterclaim; hence had no cause of action against appellee. Treating the evidence of appellant and his witnesses as to the alleged contemporaneous parol agreement in its most favorable light, it was to the effect that appellant agreed to give as security for a loan of $16,000 a mortgage on 500 or 600 head of cattle and 2,000 acres of land; that the loan secured by the cattle was to be for a period of six months. When he made application for the loan he offered only 300 head of cattle and 1,120 acres of land as security; hence did not comply with the terms of the said parol agreement, if one had been made. It is elementary that there can be no recovery for breach of contract in the absence of allegations and proof that the party seeking to recover has performed all the con-

ditions precedent of the contract by him to be perform-
ed, or has tendered performance of the same.   Elliott
on Evidence, § 2098.   Appellant having not only failed,
but having refused to perform his ·part of the alleged
oral agreement, was rightfully denied a recovery on his
counterclaim.   Hence the action of the court in sus-
taining the motion to strike the evidence is of no conse-
quence.

For the reasons stated, the judgment will be affirmed;
and it is so ordered.

HANNA, C. J., and PARKER, J., concur.

---

[No. 2132, June 3. 1918.]
[Rehearing Denied Aug. 19, 1918.]
STANLEY et al. v. WIXON et al.